IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **v.**                                            **CRIMINAL NO. 1:20CR87**
                                                               **(KLEEH)**

**THOMAS WINSTON,**

       **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Pending is the Report and Recommendation by the Honorable Michael J. Aloi, Magistrate Judge, recommending that the Court deny the petition of Thomas Winston ("Winston") to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. Following a careful review and for the reasons that follow, the Court **ADOPTS** the R&R [1:23CV41, ECF No. 6; 1:20CR87, ECF No. 80], **DENIES** his § 2255 petition [1:23CV41, ECF No. 1; 1:20CR87, ECF No. 75], and **DISMISSES WITH PREJUDICE** Civil Action Number 1:23CV41.

On November 4, 2020, a grand jury returned an Indictment charging Winston with possession of child pornography after having been previously convicted of an offense relating to the distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) [ECF No. 1].[1]  After

---

[1] Unless otherwise indicated, all docket numbers refer to Criminal

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Winston pleaded guilty, the Court sentenced him to 235 months imprisonment [ECF Nos. 53, 61].

Winston filed the pending § 2255 petition on May 8, 2023, raising two arguments [ECF No. 75]. First, he asserts that the Court was biased against him. Second, he asserts that he received ineffective assistance of counsel.

Pursuant to the local rules, the Court referred the petition to Magistrate Judge Aloi for initial review. On July 21, 2023, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") recommending that the petition be denied [ECF No. 80]. The R&R recommended that Winson's first claim be dismissed because it is frivolous or because Winston waived his right to bring any claim other than ineffective assistance of counsel or prosecutorial misconduct in a § 2255 petition. It also recommended dismissing Winston's ineffective assistance claim because he identified no action of his counsel that was objectively unreasonable or prejudicial.

The R&R next informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis for such

---

Action No. 1:20CR87.

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

objection." It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."

The record indicates that service of the R&R was accepted at FCI McDowell on July 24, 2023 [ECF No. 81]. Shortly thereafter, Winston submitted this District's change of address form stating that he had been moved from FCI McDowell to USP Marion [ECF No. 82-1]. This form was dated July 31, 2023, and appears to have been mailed on August 1, 2023. Id. At the Court's direction, the Clerk resent the R&R to Winston at FCI McDowell on August 15, 2023 [ECF No. 83]. The R&R delivered to FCI McDowell on August 18, 2023.[2] To date, no objections have been filed.

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold

---

[2] See https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1= 70221670000195581934# (results for tracking number 70221670000195581934).

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court has carefully reviewed the R&R for clear error. Finding none, the Court adopts the R&R and denies Winston's § 2255 petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Winston has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Winston has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

For the reasons discussed, the Court **ADOPTS** the R&R [1:23CV41, ECF No. 6; 1:20CR87, ECF No. 80], **DENIES** his § 2255 petition [1:23CV41, ECF No. 1; 1:20CR87, ECF No. 75], and **DISMISSES WITH PREJUDICE** Civil Action Number 1:23CV41.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

The Clerk shall enter a separate judgment order in favor of the United States; transmit a copy of this order to Winston by certified mail return receipt requested and to counsel of record by electronic means; and strike Civil Action Number 1:23CV41 from the Court's active docket.

DATED: September 11, 2023

*/s/ Thomas S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA